UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES PYECHA,

                              Plaintiff,

           - against -

THE CITY OF NEW YORK, DIANNA MOY, and
JULIUS LEUNG,

                         Defendants.
-----------------------------------------------------------------X

No. 25-CV-864

**COMPLAINT**

JURY TRIAL DEMANDED

        Plaintiff, by his attorneys, The Fu Firm PLLC, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

        1.     On March 16, 2024, Plaintiff called the New York City Police Department ("NYPD") to follow up on a complaint he filed.

        2.     A few hours later, police officers from the 108th Precinct entered Plaintiff's home and dragged him out in handcuffs to a hospital for a psychiatric evaluation, notwithstanding Plaintiff's repeated and lucid statements that he was not suicidal.

        3.     At the hospital, doctors determined that Plaintiff was not a threat to himself or others and released him.

        4.     This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State and City of New York.

## JURISDICTION AND VENUE

        5.     This action arises under 42 U.S.C. §§ 1983 and 1988.

6.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

7.     Supplemental jurisdiction exists over all state law claims that are related to the federal claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the confines of this judicial district.

9.     On or about May 22, 2024, and within ninety (90) days after the claims herein accrued, Plaintiff served on the City of New York a timely Notice of Claim under New York General Municipal Law § 50-e regarding the incident.

10.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

11.    This action commences within one year and ninety days after the events alleged herein.

## THE PARTIES

12.    Plaintiff James Pyecha is an individual residing in Queens, New York.  At the time of the incident, he was 63 years old.

13.    Defendant the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York.  At all relevant times, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel. In addition, at all

relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

14.     Defendant Dianna Moy was at all relevant times a Detective employed by the NYPD, acting within the course of her employment and under color of state law.

15.     Defendant Julius Leung was at all relevant times a Lieutenant employed by the NYPD, acting within the course of his employment and under color of state law.

## FACTUAL ALLEGATIONS

16.     On or around February 10, 2024, Plaintiff was the victim of a crime. NYPD officers took a report from him.

17.     On the evening of March 16, 2024, Plaintiff called the NYPD to discuss factual mistakes in the police report and check on the status of the investigation into the crime.

18.     Plaintiff spoke with Defendant Moy, an NYPD Detective.

19.     During the call, Defendant Moy told Plaintiff, in sum and substance, that Plaintiff sounded like he was suicidal.

20.     Plaintiff told her that he was not. Eventually he hung up on her.

21.     Later that evening, NYPD officers arrived at Plaintiff's apartment and started talking to Plaintiff.

22.     Plaintiff told the officers about his issue with the police report.

23.     Plaintiff was understandably upset about how the NYPD was handling his police report. However, Plaintiff was lucid, spoke clearly, and did not threaten to harm himself or anybody else.

24.     Plaintiff told the officers that he did not want to go to the hospital.

3

25.    A while later, Defendant Leung, an NYPD Lieutenant, arrived at Plaintiff's apartment building along with EMTs from the New York City Fire Department.

26.    Plaintiff asked the officers and EMTs to leave.  However, Defendant Leung told them that they could not leave and blocked Plaintiff from closing the door.

27.    One of the other officers on the scene said to Defendant Leung that "it just seems like [Plaintiff] is really agitated."

28.    Defendant Leung then called Defendant Moy.  Upon information and belief, Defendant Moy falsely told Defendant Leung that Plaintiff said he would harm himself.

29.    Plaintiff then told Defendant Leung, the other officers, and the EMTs that he did not tell Defendant Moy that he wanted to harm himself.

30.    Plaintiff repeatedly told Defendant Leung, the other officers, and the EMTs that he was not suicidal.

31.    Altogether, Defendant Leung and/or the other NYPD officers spoke to Plaintiffs for more than 40 minutes.  Notwithstanding whatever Defendant Moy told Leung about what Plaintiff said on the telephone, they had the opportunity to assess Plaintiff in-person for themselves.

32.    Defendant Leung then directed the officers to take Plaintiff into custody.

33.    Defendant Leung and the officers then entered the threshold of Plaintiff's apartment, took him to the ground, and forcibly applied handcuffs on him.

34.    Plaintiff begged the officers to take the handcuffs off him and let him walk on his own.  Defendant Leung refused.

35.    Defendant Leung and the other officers then brought Plaintiff down the elevator and out of his apartment building.

4

36.    Defendant Leung and the other officers brought Plaintiff past the building superintendent, other building staff, and other building residents.

37.    These people gawked as Plaintiff was dragged out like a criminal.

38.    Plaintiff was taken to New York-Presbyterian Weill Cornell Hospital, where he was seen by doctors.

39.    The doctors determined that Plaintiff was not suicidal or homicidal.

40.    Several hours later, Plaintiff was discharged.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### Unlawful Entry Under the Fourth and Fourteenth Amendments

### (Against Defendant Leung)

41.    Plaintiff repeats and realleges each and every allegation set forth above.

42.    Defendant Leung entered, and ordered other officers to enter, Plaintiff's home without his consent, a warrant, or any circumstances justifying warrantless entry.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### False Arrest Under the Fourth and Fourteenth Amendments

### (Against Defendants Moy and Leung)

43.    Plaintiff repeats and realleges each and every allegation set forth above.

44.    Acting individually and together, the individual Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and to his liberty, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

5

45.    Probable cause did not exist to arrest Plaintiff for any crime, nor was Plaintiff conducting himself in a manner which was likely to result in serious harm to himself or others.

46.    Plaintiff was conscious of his confinement and did not consent to it.

47.    Defendants failed to intervene in each other's unlawful actions.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### Excessive Force Under the Fourth and Fourteenth Amendments

### (Against Defendant Leung)

48.    Plaintiff repeats and realleges each and every allegation set forth above.

49.    While removing Plaintiff without his consent from his home to the hospital, Defendant Leung used force, and directed other officers to use force, that was not objectively reasonable in light of the facts and circumstances.

50.    Defendant Leung twisted Plaintiff's arms and forced him into handcuffs.

51.    Defendant Leung refused to allow Plaintiff's handcuffs to be removed even though Plaintiff, an older man, complained of pain, complained that the handcuffs were too tight.

52.    The officers did not need handcuffs to keep control of Plaintiff.

53.    Defendants failed to intervene in each other's unlawful actions.

## FOURTH CLAIM FOR RELIEF

### False Imprisonment

### (Against All Defendants)

54.    Plaintiff repeats and realleges each and every allegation set forth above.

55.    All Defendants are liable to Plaintiff for false imprisonment in violation of the common law of the State of New York.

56.    The City is liable to Plaintiff for the conduct of its employees, including Leung and Moy, because they were acting within the scope of their employment during the incident.

## FIFTH CLAIM FOR RELIEF

### Assault

### (Against Defendant City of New York and Leung)

57.    Plaintiff repeats and realleges each and every allegation set forth above.

58.    Defendant Leung intentionally placed Plaintiff in fear of imminent harm and/or offensive contact.

59.    These Defendants' conduct was not reasonable or otherwise justified.

60.    As a result, Plaintiff suffered trauma and emotional distress.

61.    The City is liable to Plaintiff for the conduct of Defendant Leung and the other NYPD officers because they were acting within the scope of their employment during the incident.

## SIXTH CLAIM FOR RELIEF

### Battery

### (Against Defendant City of New York and Leung)

62.    Plaintiff repeats and realleges each and every allegation set forth above.

63.    Defendant Leung and the other NYPD officers intentionally and wrongfully made physical contact with Plaintiff without his consent.

64.    This conduct was not reasonable or otherwise justified.

65.    As a result, Plaintiff suffered injuries as set forth above.

66.    The City is liable to Plaintiff for the conduct of Defendant Leung and the other NYPD officers because they were acting within the scope of their employment during the incident.

**SEVENTH CLAIM FOR RELIEF**

**N.Y.C. Admin. Code § 8-801 *et seq*.**

**Unlawful Entry**

**(Against Defendants City of New York and Leung)**

67.     Plaintiff repeats and realleges each and every allegation set forth above.

68.     Defendant Leung is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

69.     Defendant violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by entering Plaintiff's home without his consent, a warrant, or any circumstances justifying warrantless entry.

70.     As the employer of Defendant Leung and the other NYPD officers, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

**EIGHTH CLAIM FOR RELIEF**

**N.Y.C. Admin. Code § 8-801 *et seq*.**

**False Arrest**

**(Against All Defendants)**

71.     Plaintiff repeats and realleges each and every allegation set forth above.

72.     Defendants Moy and Leung are  "covered individuals" as defined in N.Y.C. Admin. Code § 8-801.

73.     Defendants violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

8

74.     Probable cause did not exist to arrest Plaintiff for any crime, nor was Plaintiff conducting himself in a manner which was likely to result in serious harm to himself or others.

75.     Plaintiff was conscious of his confinement and did not consent to it.

76.     As the employer of Defendants Leung, Moy, and the other NYPD officers, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## NINTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq.*

### Excessive Force

### (Against Defendants City of New York and Leung)

77.     Plaintiff repeats and realleges each and every allegation set forth above.

78.     Defendant Leung is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

79.     Defendant Leung violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from excessive force and unreasonable searches and seizures when he used force that was not objectively reasonable in light of the facts and circumstances.

80.     Defendant Leung directed other officers to use force that was not objectively reasonable in light of the facts and circumstances and failed to intervene when they did so.

81.     As the employer of Defendant Leung and the other NYPD officers, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a.     For compensatory damages in an amount to be determined at trial;

b.     For punitive damages to the extent allowable by law;

c.     For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988,

       N.Y.C. Admin. Code § 8-805, and the inherent powers of this Court;

d.     For pre- and post-judgment interest as allowed by law; and

e.     For such other and further relief as this Court deems just and proper.

Dated: February 14, 2025
       New York, NY

                         THE FU FIRM PLLC

                         By: */s/ Yan Fu*
                             Yan Fu
                             43 W. 43rd Street, Suite 205
                             New York, NY 10036
                             (212) 584-0581
                             yfu@thefufirm.com
                             *Counsel for Plaintiff*